Alice Robie Resnick, J.,
concurring in part and dissenting in part. Because I believe the majority engages in an erroneous discussion of the requirements of Evid.R. 807, I concur only with the majority’s conclusion that the trial court was required to record the competency hearing. I disagree, however, with the majority’s conclusions that a competency hearing was required in this case, and that the trial court failed to make specific findings of fact as required by Evid.R. 807(C).
I
The majority, first considers whether the trial court was obligated to record the competency hearing it conducted in connection with the five-year-old victim. The terms of Crim.R. 22 clearly require all proceedings to be recorded. I agree that a competency hearing falls well within the definition of “proceeding” as contemplated by Crim.R. 22. I respectfully disagree, however, with the majority’s conclusion that a competency hearing was required in this case.
The provisions of Evid.R. 807(A) require that four elements be established in order to admit the out-of-court statements of a child under the age of twelve as they relate to sexual or physical abuse. The first prerequisite of admissibility set forth in Evid.R. 807(A)(1) is that:
“The court [find] that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness * * *. In *479 making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child’s motive or lack of motive to fabricate, the child’s use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. * * * ”
Given the specifications of Evid.R. 807(A)(1), a trial judge is clearly obligated to consider all circumstances attendant to the making of the out-of-court statement. Everything and anything that could have impacted the child’s likelihood to speak the truth should be considered. The majority reads into this provision a requirement that the trial judge conduct a competency hearing in order to determine if the child declarant was competent, as defined by State v. Frazier (1991), 61 Ohio St.3d 247, 574 N.E.2d 483, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629, at the time he or she made the statement. That position exceeds the boundaries of Evid.R. 807.
Under the various hearsay exceptions, selected out-of-court statements are deemed to possess certain indicia of reliability which warrant their admissibility into evidence regardless of whether the declarant will testify during trial. Evid.R. 803 and 804. In State v. Wallace (1988), 37 Ohio St.3d 87, 524 N.E.2d 466, for example, we considered the out-of-court statements of a five-year-old declarant as they fell under the excited-utterance exception to the hearsay rule, Evid.R. 803(2). With respect to the child declarant’s competency, we considered the requirements of telling the truth and recalling events accurately:
“These requirements are not relevant to the admissibility of an excited utterance because an excited utterance is made while the declarant is dominated by the excitement of the event and before there is opportunity to reflect and fabricate statements relating to the event. The trustworthiness of the declaration (as being what the declarant actually believes to be true) derives from the lack of opportunity to fabricate, not the moral character or maturity of the declarant. ' Similarly, the declarant’s ability to recall is not an issue because of the requirement that the declaration be contemporaneous -with its exciting cause or made while that cause dominates the declarant’s thoughts. The credibility and weight of the declarations will, or course, still be judged by the fact-finder.” Id. at 95, 524 N.E'.2d at 473.
The provisions in Evid.R. 807(A)(1) offer similar guarantees of trustworthiness which, if established, eliminate the need for specifically finding the child declarant was competent at the time he or she made the statement. As stated above, the trial judge must consider, inter alia, the spontaneity of the statement, the use of age-inappropriate terminology, and the contemporaneous nature of the statement. *480 All these considerations enable a trial judge, in the exercise of his or her sound discretion, to conclude whether the totality of circumstances warrant a finding of trustworthiness and, therefore, admissibility of the statement. A competency hearing simply is not required by the plain terms of Evid.R. 807(A).
The effect of instituting the majority’s position that a competency hearing is required prior to admitting a statement under Evid.R. 807 will be to preclude the admission of otherwise qualified out-of-court statements into evidence. For example, in those situations where the abused victim falls into a coma or dies at some point after making statements to a parent or therapist concerning the source of his or her abuse, the statements would not be admissible, given the child’s inability to attend a competency hearing. That result surely defeats the obvious purpose for which Evid.R. 807 was adopted. The example need not be so dramatic. What of the child anticipated by Evid.R. 807(B)(1) who refuses to testify concerning the out-of-court statements when called to the stand? The fact that the child is frightened by the courtroom proceedings, as occurred in the casé at bar, sheds no light on the “guarantees of trustworthiness” contemplated by Evid.R. 807(A)(1).
For these reasons, I would find that a trial court is not required to hold a competency hearing in order to admit an out-of-court statement under the hearsay exception for statements regarding child abuse. However, as stated above, when the trial judge decides to hold a competency hearing, he or she is required to record the proceeding as prescribed by Crim.R. 22. The failure to do so constitutes reversible error.
II
I disagree with the majority’s conclusion that the trial court failed to make the findings required by Evid.R. 807(C). Ideally, a trial judge will state at the conclusion of an Evid.R. 807 hearing that each of the four prerequisites to admissibility has been satisfied and then specifically delineate the evidence offered to support each factor. The realities of courtroom procedure, however, may cause a trial judge to state his or her conclusions at various stages throughout the hearing. This reality, which occurred in this case, does not preclude a finding that a trial judge has complied with the requirements of Evid.R. 807(C).
The record reveals that during the course of the evidentiary hearing, the trial judge stated that the child’s testimony was not reasonably obtainable, as required by Evid.R. 807(A)(2), given her repeated refusal to speak once she was called to the stand. The record further indicates that in the middle of the hearing the court determined that Peggy Taylor, a licensed sexual-abuse counselor who had attempted to coax the girl to speak on the stand, qualified as a “person trusted by *481 the child,” as required by Evid.R. 807(B)(1), given the rapport she likely developed with the child during their counseling sessions. The record additionally demonstrates that the trial judge believed that the testimony of the older daughter was sufficient to qualify as “some independent evidence that a sexual act was perpetrated * * thereby satisfying the requirement of Evid.R. 807(A)(3). Finally, at the conclusion of the hearing, the trial judge indicated that the totality of the evidence presented during the hearing warranted a finding that the elements had been met and, therefore, that the hearsay statement would be admissible. Appellee did not object to any of the court’s findings until the end of the hearing, at which point he raised a blanket objection to the court’s finding of admissibility under Evid.R. 807.
After reviewing the record in this case, I believe that the evidence supports a finding that the trial court satisfied the requirements of Evid.R. 807(C). The trial judge acted well within the bounds of his discretion when he decided to admit the victim’s statements and, thus, this decision should not have been reversed on appeal. Therefore, I would reverse the judgment of the court of appeals on this issue.
Ill
For all the foregoing reasons, I would affirm the judgment of the court of appeals with respect to its conclusion that the competency hearing held in this case should have been recorded. I would reverse the court of appeals, however, as to its determination that the trial judge failed to make the findings required by Evid.R. 807(C).